# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-6946, Kevin Watson v. M. Hamilton |
| **Originating No. & Caption** | 7:24-cv-00298, Kevin Watson v. M. Hamilton |
| **Originating Court/Agency** | U.S. District Court for the Western District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | 8/5/2026 | |
| Date notice of appeal or petition for review filed | 8/31/2026 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Kevin Watson is a state prisoner who filed suit against a number of Virginia Department of Corrections (VDOC) employees for violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment Free Exercise Clause, and due process, as well as a number of state law claims. The district court granted summary judgment in favor of the VDOC defendants, dismissing some claims for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act and dismissing the religious rights and due process claims on the merits.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

I. Whether requiring Mr. Watson to take a tuberculosis skin injection test (PPD) over his religious objection violates RLUIPA.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: see attached<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Kevin A. Watson<br><br>Attorney: Sumayya Saleh<br>Address: Rights Behind Bars<br>1800 M St. NW<br>FNT 1 # 33821<br>Washington D.C. 20033<br><br>E-mail: sumayya@rightsbehindbars.org<br><br>Phone: 202.455.4399 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** Sumayya Saleh **Date:** November 24, 2025

**Counsel for:** Kevin A. Watson

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

Print to PDF for Filing

Reset Form

# Appendix A

## Adverse Parties

**Adverse Parties:**

1. Commonwealth of Virginia
2. M. Hamilton
3. C.C. Gilbert
4. K.D. Ramey
5. White
6. C.A. Manis
7. L.N. Holbrook
8. D. Trent
9. A. Duncan
10. Grubb

**Attorneys:**

Daniel Honold & Triston O'Savio

**Address:**

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

**Email Address:**

dhonold@oag.state.va.us
tosavio@oag.state.va.us

**Phone Number:**

804.786.1252